## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

**ANDREA SANDERSON AND JAMES WHERRY**       **PLAINTIFFS**

**v.**      **CASE NO:** _____
         **JURY DEMANDED**

**UNITED PARCEL SERVICE, INC.**      **DEFENDANT**

## COMPLAINT

COME Plaintiffs, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint against the Defendant, they state as follows:

## PARTIES AND JURISDICTION

1. Each Plaintiff is black and has worked for UPS in Tennessee for many years. Each Plaintiff has been punished for opposing illegal racial discrimination. United Parcel Service, Inc., a foreign corporation, is sued its retaliation and racial discrimination against the Plaintiffs. United Parcel Service, Inc. is a foreign corporation authorized to do business within the state of Tennessee who employed more than 300 employees in this State at all times relevant. This is an action for retaliation and for violation of Plaintiffs' rights under the 42 USC 1981, the Tennessee Human Rights Act and the common law of the State of Tennessee. Accordingly, this Court has personal jurisdiction over the parties and federal question subject matter jurisdiction under 28 USC 1331, as well as supplemental jurisdiction over Plaintiff's state claims. Venue is proper under 28 USC 1391(b).

## GENERAL ALLEGATIONS OF FACT

2. Each Plaintiff is an African-American who is a victim of UPS's pattern and practice of illegal race discrimination.

1

3.     Mr. Wherry also has consistently opposed this illegal discrimination and the manner in which black employees were treated.  Mr. Wherry filed a lawsuit against the Defendant alleging race discrimination and retaliation in Shelby County Circuit Court under the THRA.  The lawsuit then went trial and he prevailed against UPS in January of 2014.

4.     Less than three (3) 3 weeks later, Mr. Wherry was denied a promotion; and, UPS has continued to refuse to promote him to a Division Manager position within the four (4) years preceding the filing of this lawsuit.  Some examples are Jack Justus, Richard Bonee, Russell Powers and Anthony Fitzpatrick.  Mr. Powers was less qualified than the Plaintiff.  Mr. Powers, Mr. Bonee, and Mr. Justus, each a white man, had never served as a Division Manager, where Mr. Wherry had successfully performed Division Manager duties.   Neither of these individuals had ever sued UPS for racial discrimination.

5. Persons who had not complained of racial discrimination by UPS have been awarded the Division Manager position in Memphis, as well as Center Manager positions in Memphis because they are white or have not sued UPS.  Some of these individuals include Casey Simpson, Brad Deering, and Scott Lindsey.

6.     With respect to Ms. Sanderson's claim, JC Long, a white female, was an On-Road Supervisor in the Bartlett building for a short period of time in Memphis. Ms. Sanderson deployed the Oakhaven building where she was Center Manager.  Ms. Long had less IE, preload or dispatch experience than Ms. Sanderson, but she had never engaged in a protected activity.

7.     With respect to Ms. Sanderson's claim, Wade Merriman, a white male, was Preload Supervisor in the Oakhaven building under JC Long for a short period of time in Memphis. Ms. Sanderson deployed the Oakhaven building for ORION is where I met him.  Mr. Merriman had less IE, preload or dispatch experience than Ms. Sanderson, but he had never

engaged in a protected activity. Mr. Merriman and Ms. Long are not the only ones to benefit from UPS's preference for whites.

8. At all times relevant, Plaintiffs each had performed their jobs satisfactorily.

9. Likewise, less experienced whites or individuals who had never engaged in a protected activity under Section 1981 were promoted to Division Manager or Center Manager.

## COUNT I- DISCRIMINATION

10. Plaintiffs re-allege the foregoing as if fully set out herein.

11. In light of the facts alleged herein, Defendant has discriminated against the Plaintiffs on the basis of their race in violation of 42 USC 1981 and the THRA by promoting lesser qualified white employees.

12. The successful applicants detailed above were each lesser qualified and white, yet UPS promoted them, even though each Plaintiff was clearly more qualified.

13. As a direct and proximate cause of Defendant's actions and omissions alleged herein, each Plaintiff has lost wages, stock, future earning capacity, unnecessary and increased taxes, fringe benefits, humiliation, embarrassment and medical expenses that would have not otherwise been incurred.

14. Each Plaintiff should be awarded appropriate compensatory and punitive damages.

## COUNT II- RETALIATION

15. Plaintiffs re-allege the foregoing as if fully set out herein.

16. In light of the facts alleged herein, Defendant has discriminated and retaliated against Plaintiff for opposing illegal race discrimination and testifying in Court in violation of the THRA, 42 USC 1981, and state law theory of common law retaliation.

17. Mr. Wherry has filed suit against the Defendant alleging race discrimination and retaliation. This is protected activity. Ms. Sanderson has complained of race discrimination in promotion to her management.

18. Indeed, in the four (4) years prior to the filing of this lawsuit, another Package Division Manager came available in Memphis, Tennessee, as well as other positions within the Mid-South District, but UPS refuses to consider Wherry because Wherry filed a discrimination lawsuit. UPS continues to use negative information about Wherry in its employment decisions.

20. Indeed, Defendants has also awarded Center Managers positions to lesser qualified persons than Ms. Sanderson, including but not limited to JC Long and Wade Merriman, who had not filed suit against UPS.

21. UPS awarded the Division Manager in Memphis and Center Manager positions to these individuals because it intentionally does not award promotions to people who file lawsuits against UPS or complain of race discrimination. UPS has continued this practice by refusing to consider Wherry for the other Division Manager positions in the Mid-South District.

22. There is a clear public policy encouraging persons to settle their disputes in Court, refuse to discriminate based on race and tell the truth in Court. UPS has violated this clear Tennessee public policy evidenced by the unambiguous statutory provisions of the THRA, and law forbidding perjury, and its violation was a substantial factor in the failure to promote Wherry to Division Manager.

23. Further, UPS is liable under 42 USC 1981 for aiding and abetting in the discrimination and retaliation against Plaintiffs as they affirmatively knew that UPS' conduct constituted a breach of its obligations and duties under 1981 and gave UPS substantial assistance and encouragement in discriminating and retaliating against Plaintiffs.

24. As a direct and proximate cause of Defendant's actions and omissions alleged herein, each Plaintiff has lost wages, stock, future earning capacity, unnecessary and increased taxes, fringe benefits, humiliation, embarrassment and medical expenses that would have not otherwise been incurred.

25. Each Plaintiff should be awarded appropriate compensatory and punitive damages.

26. **A JURY IS RESPECTFULLY DEMANDED.**

**WHEREFORE**, each Plaintiff prays for the following relief: back pay, front pay or reinstatement, compensatory and punitive damage in an amount to be determined by the jury as fair and equitable but not less than ten million dollars each. Further, each Plaintiff seeks all available other remedies, both equitable and injunctive, under the THRA and 42 USC 1981 including an injunction requiring Defendant to remove all adverse employment information from personnel files, for a promotion to Center Manager for Sanderson, for a Promotion to Operations Manager or Division Manager for Wherry, for an Order requiring UPS to provide Plaintiffs with these benefits until the position is awarded them, for a requirement that Defendant post that it has been found to be in violation of the aforementioned laws at Plaintiffs' worksite, for involvement of HR and Headquarters in all terminations, for a positive employment recommendation, for retention of all personnel and attendance files of employees for seven years, for retention of all retaliation and discrimination complaints for seven years, for an Order enjoining the Defendants from continuing to retaliate against Plaintiffs, for appointment of an independent monitor to ensure that Defendants do not discriminate or retaliate against each Plaintiff and other employees, for a declaratory judgment that Defendant's acts and omissions have violated the THRA and federal law, for an injunction requiring Defendant to comply with the THRA and

federal law, for his reasonable attorneys' fees and costs, and for all other proper relief, both general and specific to which they may be entitled under the premises.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910 Office
501-315-1916 Facsimile
Attorneys for the Plaintiffs

By: */s/ Luther Oneal Sutter*
Luther Oneal Sutter, AR Bar No. 95031
*luthersutter.law@gmail.com*